James **IRBY**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 44592.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., and John E. Trube, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation in a misdemeanor case. The sentence thereafter entered reflects a punishment of 60 days in county jail and a fine of $100.00.

On January 22, 1969, the appellant entered a plea of guilty to the offense of driving a motor vehicle upon a public highway while intoxicated. The court assessed punishment and placed the appellant on probation for a period of 2 years under the provisions of Article 42.13, Vernon's Ann. C.C.P. One of the probationary conditions imposed was that the appellant was to "(1) commit no offense against the laws of this or any other state or the United States."

On June 17, 1970, the State filed a motion to revoke probation alleging that in violation of his conditions of probation appellant committed the offense of driving a motor vehicle upon a public highway while intoxicated in Smith County on June 13, 1970.

On September 18, 1970, a hearing was conducted on the State's motion. State Highway Patrolmen Glynn Harris and Richard Pirtle testified that about 11:50 p. m. on June 13, 1970, they observed the appellant driving a motor vehicle and saw him fail to stop at a stop sign at Walton Drive and Loop 323 in Smith County. They followed and observed that appellant's automobile crossed the center line on the highway several times with "a steady weave from the center lane to the shoulder" of the road. When they stopped the car they discovered the appellant was alone. Both officers described the appellant as being unsteady on his feet, talking "confused" and "thick tongued," etc. Both officers expressed the opinion, based on their experience, that the appellant was drunk and under the influence of alcohol. Three beer cans were found in the rear of the car. One partially filled can was discovered in the front seat. All the beer cans were cold.

Officer Harris, a certified operator of a Breathalyzer machine by the Department of Public Safety, related he administered a test to the appellant upon request and that the results of such test reflected ".21" of blood alcohol and that ".10 or .10 and over is considered under the influence."

Appellant then offered evidence that he had not been charged in the County Court at Law with driving while intoxicated growing out of the events of June 13, 1970. The State countered with evidence of an indictment in District Court for driving while intoxicated, subsequent offense.

Following the hearing the court revoked probation.

■ There is no merit in appellant's contention that the court abused its discretion in revoking probation since there was no evidence of a conviction for the alleged offense occurring on June 13, 1970. This court has repeatedly held that prior to revocation of probation there need be no trial and conviction for the offense which is the basis for the revocation. Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969) and cases there cited; Hood v. State, 458 S. W.2d 662 (Tex.Cr.App.1970); Shelby v. State, 343 S.W.2d 871 (Tex.Cr.App.1968); Texas Digest, Vol. 12B, Criminal Law, Key 982.9(1).

■ We find that the evidence was sufficient to reflect the commission of a penal offense in violation of probation and the court did not abuse its discretion in ordering revocation.

The judgment is affirmed.

MORRISON, J., not participating.