**Jerry Dean MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44792.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 28, 1972.

Robert M. Jones, Dallas, Forrester Hancock, Waxahachie, for appellant.

Ward P. Casey, County Atty., Waxahachie, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

The revocation of probation proceedings against appellants Jerry Dean Mitchell and Doyle Gene Kelly, Tex.Cr.App., 483 S.W.2d 467, (1972), this day decided, were held together; however, their cases will be considered separately on appeal because of the different fact situations involved.

Appellant was convicted of possession of marihuana on January 6, 1970, assessed an eight (8) year sentence and placed on probation. Among the terms of probation was a provision that he not violate the laws of this or any other State or the Federal Government.

Subsequently, the State filed a motion to revoke probation alleging appellant violated "his probation in that [he] did then and there unlawfully and willfully possess a narcotic drug, to-wit: marihuana."

On February 14, 1971, three Ellis County Deputy Sheriffs executed a search warrant based on information from an unidentified informant. Appellant was at the garage apartment in question, together with ten other young people. One officer testified that he found an unsmoked marihuana cigarette stuffed between the two cushions of the couch nearest where appellant was seated on the couch, a partially burned marihuana stub in an ashtray nearby, and a baggie of marihuana under a bed across the room. He further testified that the appellant, when arrested, appeared to be under the influence of marihuana.

Appellant and others present testified that no marihuana was smoked that evening and that they knew nothing of the marihuana found in the apartment.

In appellant's brief, filed in the trial court, he asserts two contentions which are, substantially, that the trial court erred in refusing to compel identification of the informant and that evidence was insufficient to support the revocation. Appellant does not elaborate on these claims nor does he cite any cases in support of his contentions. Consequently, his brief is not in compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and presents nothing for review.

Appellant's supplementary brief, filed in this Court but not in the trial court, raises no questions which we feel require discussion "in the interests of justice" under Article 40.09, Sec. 13, V.A.C.C.P.

We note that appellant's reliance on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Culmore v. State, Tex.Cr.App., 447 S.W.2d 915; and Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704, among others, is misplaced. Those cases involved actual trials on the merits of the charges. Such is not the case here. This is a revocation of probation proceeding. See our opinion in Kelly v. State, supra, for a full discussion on the nature of a revocation of probation proceeding.

There is no abuse of discretion.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result reached by the majority in this cause simply because I cannot find in the record before this court where this appellant was ever granted probation. Certainly one who has been convicted but who has never been granted probation cannot complain if the court "revokes probation" and imposes sentence.

The judgment entered on January 6, 1970 is entirely silent as to probation. There is no separate order of probation, and there are no other instruments or entries in the record reflecting that the appellant was placed on probation, and setting forth the conditions with which he was expected, if he was, to comply.

The first indication that the appellant may have received probation is found in the State's motion to revoke. It is from this instrument that the majority has taken the wording of the probationary condition allegedly violated. There is no order that this was a condition imposed by the court as is incumbent upon the court to enter, McDonald v. State, 442 S.W.2d 386 (Tex. Cr.App.1969), and the cases there cited, and nothing to reflect the clerk served a copy of the conditions on the appellant and noted delivery on the minutes of the court as required by Article 42.12, § 6, Vernon's Ann.C.C.P.

For the reasons stated, I concur.

If, on the other hand, the granting of probation and the condition of probation allegedly violated can somehow be inferred, I would dissent to the affirmance of this conviction on the ground that the trial court failed to apply the proper standard of proof in revoking probation. See my dissenting opinion in Kelly v. State, 483 S.W.2d 467.

For the reasons stated, I concur.