Emiliano M. LAMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45421.

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Quinn Brackett, Tom West, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

Appellant was convicted for possession of heroin in Floyd County on February 16, 1969, assessed a penalty of ten (10) years and placed on probation. One of the conditions of his probation was that he ". . . (2) Commit no offenses against the laws of this or any other State in the United States. . . ."

On July 27, 1971, the State filed a motion to revoke probation alleging "that on or about the 2nd of July 1971, defendant was convicted upon his plea of guilty for the offense of operating a motor vehicle while under the influence of intoxicating liquor subsequent offense which occurred on or about the 7th day of November, 1970, in Deaf Smith County, Texas. . . ."

■ Appellant's first contention is that the court abused its discretion in revoking his probation because there was no evidence that the offense upon which the revocation was based occurred during the term of probation.

A Deaf Smith County Deputy Sheriff testified that the appellant was convicted for "DWI charged on a second offense" on July 22, 1971, in the 69th District Court.

Appellant's probation officer testified that he was placed on probation on February 10, 1969.

The judgment of conviction from the Deaf Smith County case was also introduced into evidence, without objection, together with the indictment and sentence in that case. The judgment recited that the offense occurred on November 7, 1970. In Espinosa v. State, 463 S.W.2d 8, this Court held that a judgment which recited that a defendant was found guilty of an offense committed on a specific date constituted a judicial finding that the offense occurred on that date. Since the judgment was introduced into evidence and contained such a recitation, the court could conclude that the offense occurred on November 7, 1970 during the term of probation which began on February 10, 1969.

The appellant cites Mason v. State, Tex. Cr.App., 438 S.W.2d 556, as authority. However, that case is inapplicable under the circumstances of this case. In Mason, supra, the State relied exclusively on the testimony of the judge who tried the case which was the basis for revocation. He did not state the date on which the offense occurred but only recited the date of the conviction. Additionally, in that case, the State did not introduce the complaint or the judgment of conviction.

■ Appellant's second contention is that the court abused its discretion by revoking his probation because the sentence in the Deaf Smith County case is not an indeterminate sentence and, therefore, not in compliance with Art. 42.09, Vernon's Ann.C.C.P. The record reflects that the sentence in question is not in compliance with the Statute. However, appellant's contention is a collateral attack upon the Deaf Smith County judgment which may not be raised at this late date. A revocation of probation may be based on a finding by the trial court that the terms of probation have been violated and it is not necessary that there first be a valid trial on conviction for the offense charged. Mitchell v. State, Tex.Cr.App., 483 S.W.2d 481 (1972); Hall v. State, Tex.Cr.App., 452 S.W.2d 490; Ex parte Bruinsma v. State, 164 Tex.Cr.R. 358, 298 S.W.2d 838; Seymore v. Beto, 383 F.2d 384.

Finding no reversible error, the judgment is affirmed.