Dianne **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45907.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 20, 1972.

James W. Bowman, Benson & Benson, by Charles E. Benson, Lubbock (on appeal), for appellant.

Blair Cherry, Jr., Dist. Atty., and Richard D. Moore, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On October 5, 1971, the appellant pled guilty to the offense of passing as true a forged instrument. She was assessed a punishment of five years, probated. A condition of probation, among other things, was that she commit no offense against the laws of this State or any other state.

On October 15, 1971, a motion to revoke her probation was filed. It alleged that appellant unlawfully possessed a dangerous drug, to-wit: thorazine. On November 24, 1971, an amended motion was filed substituting "chloropromazine" for "thorazine." A hearing on the amended motion was held on December 22, 1971. At this hearing the appellant was represented by court-appointed counsel.

Appellant alleges that the trial court abused its discretion in revoking probation on grounds that were not alleged in the amended motion to revoke. She attacks the sufficiency of the evidence and alleges that she was denied her constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States in that she was not given a full trial on the revocation of her probation.

The first complaint is that there was a fatal variance in the State's amended motion to revoke probation where it was alleged that she unlawfully possessed a dangerous drug while the order revoking her probation found that she unlawfully possessed a dangerous drug as alleged and also found such drugs were "outside of the container in which it was delivered by a

pharmacist selling or dispensing the same and in a form different from that which was dispensed." She contends that she was without notice as to the charge being changed to unlawfully possessing a dangerous drug outside of its proper container.

This Court has held that a hearing on a motion to revoke probation is not a trial in a constitutional sense and, therefore, the strict conformities of pleading as required in an indictment are not required. Campbell v. State, Tex.Cr.App., 456 S.W.2d 918, 921. Further, this Court has held that the sufficiency of a motion to revoke probation cannot be attacked for the first time on appeal. Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583. See Balli v. State, Tex. Cr.App., 460 S.W.2d 424. We hold there is no material variance in the allegation in the motion to revoke and the order revoking probation.

Next, in her attack on the sufficiency of the evidence, she contends that the only evidence that she was in possession of the trousers in which the dangerous drug was found was that of Sharon Lynn Carroll, a confessed accomplice. A revocation of probation may be based upon uncorroborated testimony of an accomplice witness. Gonzalez v. State, Tex.Cr.App., 456 S.W.2d 53; Moreno v. State, Tex.Cr.App., 476 S.W.2d 684, 685. The evidence was sufficient.

Finally, it is contended that the trial court failed to meet the minimum requirements of due process as set down by the United States Supreme Court in Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, 498, where it is held " . . . The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest the violation does not warrant revocation." She further points out that the requirements of the Sixth and Fourteenth Amendments to the United States Constitution apply to revocation of probation proceedings.

The record reflects that a hearing was held within sixty days after the State's original motion to revoke probation was filed and that appellant was represented by court-appointed counsel. Thus appellant was accorded the speedy trial due process requirement of the Sixth Amendment and since she was provided court-appointed counsel, the right to counsel provisions of that same Amendment have been met.

Further, in the instant case appellant was given an opportunity to be heard and show that she did not violate the conditions of her probation. Nothing prevented her from offering into evidence circumstances which may have mitigated the alleged offense and suggesting that the violation did not warrant revocation. It is not necessary that there be trial and conviction for the offense which is used as a basis for the revocation. Finding no violation of the Sixth or Fourteenth Amendments to the Constitution of the United States, the allegation is overruled.

No abuse of discretion being shown, the judgment is affirmed.