**Glen CORK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46374.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Dewey Cox, Jr., Ranger, for appellant.

Emory C. Walton, Dist. Atty., Eastland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant on October 7, 1969, plead guilty to the offense of robbery and his punishment was assessed at five (5) years, probated.

One of the terms of his probation was that he "commit no offenses against the laws of this or any other State in the United States".

On April 17, 1972, the State filed an amended motion to revoke probation alleging, among other things, that appellant had violated the conditions of his probation by driving a motor vehicle while intoxicated. Following a hearing, the trial court revoked appellant's probation for, among other reasons, driving a motor vehicle while intoxicated on April 16, 1972.

At the hearing Highway Patrolman Brewer testified that on the night in question he observed a pickup truck driven by the appellant driving in an erratic manner and brought the same to a halt. He stated that appellant smelled of alcoholic spirits, was unsteady on his feet and expressed the opinion that he was intoxicated and placed him under arrest.

County Judge Bailey testified that appellant appeared before him on April 17, 1972, and plead guilty to the offense of driving while intoxicated.

Appellant contends his plea of guilty to the driving while intoxicated charge was not voluntary and was entered without the benefit of counsel.

Appellant testifying in his own behalf stated that he was unable to employ an at-

torney at the time of his plea of guilty to the charge of driving while intoxicated. He admitted that he "hadn't drank but maybe a six pack and a half, but I guess it effected my driving."

Appellant's probation was not revoked because he was convicted of driving while intoxicated, but because he was guilty of such offense and the same constituted a breach of one of the conditions of his probation. Mitchell v. State, Tex.Cr.App., 483 S.W.2d 481, and the cases cited therein.

Finding no reversible error, the judgment is affirmed.