**132**

Benny Juan MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46317.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

S. Bryan Moore, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted, on a plea of guilty, of felony theft, on August 13, 1971, sentenced to five (5) years imprisonment and placed on probation.

One of the terms of his probation was that he commit no offenses against the laws of this State.

On December 10, 1971, the State filed a motion to revoke probation alleging that on September 30, 1971, the appellant "did fraudulently take and steal one automobile of the value of over fifty dollars" without the owner's consent. On February 4, 1972, following a hearing, the court revoked appellant's probation.

Appellant's two contentions claim the court abused its discretion in revoking probation and that the court failed to include findings upon which he based appellant's revocation.

Jimmy Green testified that on Thursday, September 30, 1971, his 1964 white Chevy automobile was stolen. He stated that the car was taken without his consent and that the value of the car, at the time of its theft,

exceeded $200. Green further testified that on Friday, the night after the theft, he saw three Latin American males riding in his car, which then had different license plates on it. The following evening, Saturday, he again spotted his car with four people in it. He flagged down two passing police units, got into one of them, and, together, they gave chase. They found the auto stopped in front of the home of appellant's sister. Dallas Police Officer Clinton D. McCoy apprehended two of the passengers, Pete Martinez and Jackie Ray Frazier, at the scene. Officer D. L. Brown testified that the plates on the white "Chevy" belonged on a Buick registered in the name of appellant's father.

Pete Martinez testified that appellant drove the car on the night he was apprehended, that he saw the appellant alone in the car on Friday, and that on Friday the appellant also told him he (appellant) had "to do something about the plates" of a car he planned to drive.

Frazier also testified that the appellant was driving the car on Saturday and that he had seen him in it on Friday.

The appellant testified that Jackie Frazier drove the car on the night in question and that Frazier had told him the car belonged to his uncle.

In a revocation of probation proceeding, the only question before this court is whether the trial court abused its discretion. We have examined the record and concluded that, in view of the testimony, the trial court was fully justified in revoking appellant's probation on the ground that he stole the automobile. Mitchell v. State, Tex.Cr.App., 483 S.W.2d 481, and the cases cited therein. The record also reflects that the revocation order sets forth which condition of probation was violated. The appellant did not request the court to make any further finding. Marshall v. State, Tex.Cr.App., 466 S.W.2d 582.

Finding no reversible error, the judgment is affirmed.