**Charles BRADSHAW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49596.**

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

J. A. Martindale, Pampa, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from an order revoking probation.

The record reflects that on September 17, 1973, appellant entered a plea of guilty before the court to the offense of robbery by assault and was assessed a punishment of five (5) years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the probationary conditions were the requirements that the appellant not commit any offense against the laws of this State or any other State or the United States and pay a $10.00 per month probationary fee. See Article 42.12, Sec. 6a, Vernon's Ann.C.C.P.

On February 28, 1974, the State filed a motion to revoke probation alleging that on

February 26, 1974, the appellant had, in violation of State law (1) burglarized the home of Ben Carter; (2) stolen $36.20 from Ben Carter; (3) had "possessed stolen property, knowing the same to have been stolen, and did conceal the same." The motion further alleged he failed to pay his probationary fee for "the last four months."

On March 1, 1974, the court revoked probation after a hearing on said motion. Sentence was imposed and notice of appeal was given.

■ The main thrust of appellant's contention on appeal appears to be that he was entitled to a trial in a court of competent jurisdiction on the alleged violations of the law before the court was entitled to conduct the revocation hearing. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954), and Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104 (1954), are among some of the earlier cases decided directly contrary to appellant's contention, and since, this court has consistently so held from that time. See, i. e., Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838 (1957), cert. denied 354 U.S. 927, 77 S. Ct. 1386, 1 L.Ed.2d 1439; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744 (1958); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr. App.1969); Hood v. State, 458 S.W.2d 662 (Tex.Cr.App.1970); Rosaschi v. State, 471 S.W.2d 840 (Tex.Cr.App.1971); Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971); Irby v. State, 475 S.W.2d 918 (Tex.Cr. App.1972); Bennett v. State, 476 S.W.2d 281 (Tex.Cr.App.1972); Lamas v. State, 482 S.W.2d 203 (Tex.Cr.App.1972); Vance v. State, 485 S.W.2d 580 (Tex.Cr.App. 1972); Richardson v. State, 487 S.W.2d 719 (Tex.Cr.App.1972), cert. denied 411 U.S. 972, 93 S.Ct. 2167, 36 L.Ed.2d 694; Beck v. State, 492 S.W.2d 536 (Tex.Cr. App.1973); Hancock v. State, 491 S.W.2d 139 (Tex.Cr.App.1973).

In fact, in Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972), this court speaking through Judge Roberts said:

"In the last year this Court has written, in cases too numerous to mention, that there is no error in having a hearing on revocation of probation prior to the trial of some alleged violation." See also Article 42.12, Vernon's Ann.C.C.P., note 28.8; Vol. 123, Texas Digest, Criminal Law, ■

Appellant's contention is without merit.

Appellant next complains that the evidence was insufficient to sustain the revocation and the trial court abused its discretion.

Ben Carter testified that his house in Pampa was broken into between 9 p. m. and midnight on February 26, 1973, and that $36.20 in change (dimes, half dollars and silver dollars), two watches, a ring, etc., were stolen. He stated that later Jerry Oliver showed him where the $36.20 in change was, which he identified, and together with Oliver he took the same to the sheriff.

■ Jerry Oliver testified he had heard about the burglary of Carter's house at the Busy Bee Cafe, and after talking with appellant's brother, he had a conversation with the appellant. Oliver testified that appellant said he had some money and wanted Oliver to exchange it. Oliver told him not to spend the money around town and mentioned what he had heard about the Carter burglary, and appellant asked "How did you know that?" Oliver then mentioned the conversation he had with appellant's brother. Appellant then told him that the money had come from "Ben's," and Oliver agreed to take it and exchange it in Amarillo for "greenbacks." Oliver related the appellant told him where he had concealed the money, and Oliver "got it." He later showed the money to Ben Carter, who identified the coins in the exact amount of $36.20, and together they took the money to the sheriff. We conclude that the evidence is sufficient to reflect the crime of "theft" as defined under V.T.C.A., Penal Code, Sec. 31.03, and shows that appellant was guilty of a Class

A misdemeanor as provided by such statute.

The theft offense defined by the statute consists of the following elements: (1) with intent to deprive (2) the owner (3) of property, the actor (4) obtains the property or exercises control over the property (other than real property) (5) unlawfully. The elements of the offense are shown by the evidence.

■ It should be borne in mind that said Sec. 31.03 creates a new offense, which, in general terms, encompasses all acquisitive conduct previously made unlawful in several separate offenses.

Since there was a sufficient basis for the revocation order, we need not determine if there was sufficient evidence to reflect a failure to pay the probationary fee. Further, there is nothing to indicate the court revoked probation upon such ground despite the appellant's plea of "guilty" to that portion of the revocation motion.

Finding no abuse of discretion, the judgment is affirmed.