**Larry BOOTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–109–CR.**

Court of Appeals of Texas, Texarkana.

Aug. 24, 1982.

Edwin E. Buckner, Jr., Huffman & Palmer, Marshall, for appellant.

Lew Dunn, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Judge.

Larry Booth appeals from a District Court order revoking his probation and ordering him to serve a ten year sentence for felony theft. Two grounds of error are assigned urging that his right to a speedy trial and his right to counsel at a critical stage of the proceedings were violated. We overrule these grounds and affirm the judgment.

Booth's original conviction was in 1979. He was arrested on July 29, 1981, on another theft charge and placed in jail. On August 17, 1981, the State filed its motion to revoke probation. On August 28, 1981, the court appointed an attorney for Booth, but it is stipulated that the attorney had no notice of the appointment until September 8, 1981. On September 11, 1981, the attorney filed an unsuccessful motion to dismiss the revocation proceeding. On September 24, 1981, hearing was held on the motion to revoke and the revocation was granted.

Booth does not challenge the sufficiency of the evidence to support the court's order, but he asserts first that his right to a speedy trial, pursuant to the Sixth Amendment of the United States Constitution and Tex.Code Crim.Pro.Ann. art. 42.12, § 8(a) (Vernon Supp.1982), was denied.

Article 42.12, § 8(a), provides that in revocation proceedings,

338

"... If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation."

Booth's position is that, since he was not provided with an attorney until 21 days after the motion to revoke was filed, he was denied the opportunity to move for a speedy trial. We disagree. Article 42.12, § 8(a), does not provide that, unless the motion for speedy trial is made within 20 days of the filing of the motion to revoke, the right is lost; it provides that if motion is made, a hearing shall be held within 20 days of the filing of that motion. Here Booth filed no motion at all respecting a speedy trial. It is true that he had no attorney for 21 days and conceivably was unable to file such a motion during that time, but even after he had an attorney he did not file a speedy trial motion. In those circumstances it seems obvious that the right to have a hearing within 20 days after request therefor was consciously and intelligently waived. This is confirmed by the fact that only three days after the attorney was notified of his appointment he filed a motion—not for a speedy hearing, but for dismissal of the proceedings.

We must also consider Booth's federal constitutional right to a speedy trial. See *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We have no problem with that, however, because the hearing was conducted only 31 days after the motion to revoke was filed. In that situation, the right to a speedy hearing under the United States Constitution was not abridged. See *Richardson v. State,* 487 S.W.2d 719 (Tex.Cr.App.1972).

We also find that Booth was afforded his right to counsel at all critical stages of the proceedings. As noted previously, the delay in notifying the attorney of the appointment did not jeopardize Booth's right to a hearing within 20 days of a request, and he was represented by his able trial counsel at the revocation hearing. Thus, his sixth amendment rights to counsel were fully provided.

The judgment is affirmed.