NUMBER 13-99-117-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



LARRY GREEN, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 28th District Court 

of Nueces County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden 



Appellant Larry Green pleaded guilty to two counts of aggravated assault and pleaded
true to a deadly weapon allegation. At the punishment hearing, the trial court found Green
guilty of aggravated assault and sentenced him to ten years imprisonment. Green argues on
appeal that he was denied effective assistance of counsel, and the lack of effective
assistance rendered Green's pleas involuntary. 

We affirm. 

Jurisdiction 

As an initial matter, the State contends that this Court lacks jurisdiction to consider
this appeal because the notice of appeal was not timely filed. If an appeal has not been
timely perfected, the court of appeals will not have jurisdiction over the merits of the
appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

The State argues that appellant was sentenced on February 2, 1999, and therefore the
notice of appeal should have been filed on or before March 4, 1999. Texas Rule of
Appellate Procedure 26.2 provides that a defendant must file its notice of appeal within
30 days after the day sentence is imposed in open court, or within 90 days after the
sentence is imposed if the defendant timely files a motion for new trial. Tex. R. App. P.
26.2(a). The appellate court may extend the deadline to file the notice of appeal if,
within 15 days after the deadline for filing the notice of appeal, the party files the
notice of appeal in the trial court. Tex. R. App. P. 26.2(b). 

Sentence in this matter was pronounced on February 2, 1999. The supplemental clerk's
record indicates that Green's notice of appeal was received by the trial court on March 2,
1999. The notice of appeal was timely filed, and this Court has jurisdiction to consider
the merits of the appeal. 

Facts 

Appellant Larry Green pleaded guilty without the benefit of a plea bargain to two
counts of aggravated assault and pleaded true to a deadly weapon charge. At the same time,
the trial court conducted two probation revocation proceedings. Green also pleaded true to
all allegations contained in both motions to revoke probation. The record reflects that
Green expressly waived the right to bring an insanity defense. 

The trial court found Green guilty of both counts of aggravated assault and found that
Green exhibited a deadly weapon. The trial court further found that Green had violated the
conditions of probation on both motions to revoke. The trial court thus sentenced Green to
ten years imprisonment in the Institutional Division of the Texas Department of Criminal
Justice--Skyview Unit. The judgment entered by the trial court does not contain an
affirmative finding on the deadly weapon charge.Applicable Law 

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
sets forth the proper standard of review for effectiveness of counsel. See Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988
S.W.2d 770, 772 (Tex. Crim. App. 1999). 

Strickland requires a two-part inquiry. The defendant must first show that
counsel's performance was deficient, i.e., that his assistance fell below an
objective standard of reasonableness. Thompson, 9 S.W.2d at 812. Second, the
defendant must further prove that there is a reasonable probability that but for counsel's
deficient performance, the result of the proceeding would have been different. Id.
A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Id. 

The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court
looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness of counsel. Id. 

The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. To defeat the
presumption of reasonable professional assistance, "any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851
(1997). 

By pleading guilty without the benefit of a plea bargain, a defendant waives all
nonjurisdictional defects occurring prior to entry of the plea. Lewis v. State,
911 S.W.2d 1, 4-5 (Tex. Crim. App.1995). Before a plea of guilty or plea of nolo
contendere may be accepted by the court it must be freely and voluntarily given by a
mentally competent defendant. Tex. Crim. Proc. Code Ann. art. 26.13(b) (Vernon Supp.
2000). The constitutional validity of a guilty plea made upon the advice of counsel
depends on whether counsel's performance was reasonably competent, rendering a defendant
effective representation during the particular proceedings. Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). A defendant's election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done voluntarily and
knowingly. Id. 

Analysis 

Green cites several acts or omissions by counsel to support his claim of ineffective
assistance of counsel. 

Green first alleges that counsel did not advise him that if he pleaded true to the
deadly weapon allegation, he would be ineligible for community supervision. Cf. Ex
parte Battle, 817 S.W.2d at 83-84 (finding ineffective assistance of counsel where
counsel failed to advise defendant he was ineligible for probation). This allegation is
neither established by the record, nor supported by the applicable law. 

Article 44.12, section 3g of the Texas Code of Criminal Procedure provides that
probation may not be imposed upon a defendant when it is shown that a deadly weapon was
used or exhibited during the commission of a felony offense. Tex. Crim. Proc. Code Ann.
art 44.12 3g (Vernon Supp. 2000). On an affirmative finding under this subdivision, the
trial court shall enter the finding in the judgment of the court. Id. 

When the trial judge is the trier of fact on punishment, the trial judge has the
authority to make an affirmative finding on the use of a deadly weapon. Campos v.
State, 927 S.W.2d 232, 235 (Tex.App.--Waco 1996, no pet.). The trial judge must make
"a separate and specific affirmative finding" of the use of a deadly weapon. Hooks
v. State, 860 S.W.2d 110, 112 (Tex. Crim. App. 1993). 

Appellant contends that he was automatically precluded from eligibility for probation
upon pleading true to the deadly weapon charge. The State argues that the trial court had
discretion to omit such a finding and thus render appellant eligible for probation. 

The record in this matter reflects that the trial court orally found that the appellant
was guilty of the deadly weapon charge. However, the judgment lacks any such finding. 

A trial court, in a trial to the bench, has complete discretion to refuse to make an
affirmative deadly weapon finding. Shute v. State, 945 S.W.2d 230, 232
(Tex.App.--Houston [1st Dist.] 1997, pet. ref'd); Campos v. State, 927
S.W.2d 232, 236 (Tex.App.--Waco 1996, no pet.); Ex parte Lucke, 742 S.W.2d 818,
820 (Tex.App.--Houston [1st Dist.] 1987, no pet.). Regardless of how the
judgment may describe the offense of which defendant was convicted, to preclude probation
the judgment must reflect a separate and specific entry of an affirmative finding that
defendant used or exhibited a deadly weapon during the commission of the felony offense or
during immediate flight therefrom. Hooks, 860 S.W.2d at 115 n.7. Given the
foregoing, we conclude that appellant remained eligible for probation despite his plea of
guilty. Because it is not raised on appeal, we do not reach the issue of whether Green was
otherwise eligible for probation. 

Although counsel did not file an application for probation, trial was before the court
without a jury. In this situation, a defendant is not required to file an application to
be eligible for probation. Torres v. State, 788 S.W.2d 709, 712 (Tex.App.--Corpus
Christi 1990, no pet.). 

Second, Green's counsel did not object to the trial court's handling motions to revoke
on two other felony cases pending against Green together with the instant felony
indictment while asking the same court to again grant community supervision. The record
further shows that Green pleaded true to all allegations contained in both motions to
revoke his community supervision. 

Appellant is statutorily prohibited from complaining on appeal of errors occurring at
the hearing on the determination of whether the trial court should revoke his probation. See
Tex. Crim. Proc. Code Ann. art. 42.125(b) (Vernon Supp. 2000); Griffin v. State,
936 S.W.2d 706, 707 (Tex.App.--Fort Worth 1996, no pet.). Moreover, the defendant does not
have the right to determine the order in which the trial and revocation hearing will be
held. Bradshaw v. State, 518 S.W.2d 548, 549 (Tex. Crim. App. 1975). 

Third, Green alleges that counsel failed to investigate the case to determine what the
probation officer would recommend to the trial court concerning punishment. While the
probation officer had previously recommended either probation or the Skyview facility, the
probation officer recommended revocation at the sentencing hearing. The record reflects
that trial counsel did not call the probation officer as a witness. We disagree with
appellant that the record reflects that counsel was unaware of the probation officer's
recommendation. Moreover, appellant has not proffered any facts showing that trial counsel
failed to thoroughly investigate the officer's recommendation. Admittedly this is often a
difficult thing to do on direct appeal. We cannot, however, assume that because a record
is silent as to the depth of an attorney's investigation, he made no such investigation. 

Finally, Green brings forth several issues relating to the issue of insanity. Green
contends that counsel advised him to waive his affirmative defense of insanity where
competent psychiatric evidence from the State's expert supported the defense. Counsel
allowed Green to plead guilty to two felony counts of aggravated assault despite the
affirmative defense of insanity and evidence thereof. Further, Green complains that
counsel failed to adduce expert evidence at the punishment phase of the bench trial
concerning Green's insanity at the time of the offense. 

Significantly, Green's desire to waive the insanity defense was the subject of question
at the trial court. The State specifically requested the trial court to inquire about
Green's failure to pursue an insanity defense. The court and counsel held an off the
record conference immediately following this request. The record then shows that Green
took the stand, although it is unclear whether or not he was sworn. Under questioning,
Green admitted that he had discussed with counsel the possibility that he could have a
viable insanity defense. Green conceded that he was giving up the right to plead insanity
as a defense in this case. On further questioning, Green reiterated his choice to waive
the defense. Counsel told Green that he would utilize the issue of insanity in connection
with punishment. During sentencing, counsel introduced evidence regarding Green's mental
condition and history through testimony from Green's relatives. 

The record before this Court does not establish whether or not counsel advised Green to
waive the insanity defense, and further provides no explanation of counsel's motivations
concerning his failure to utilize the insanity defense. Moreover, we cannot second-guess
trial counsel's decision to use Green's mental condition in mitigation of punishment
instead of as a defense without the benefit of evidence indicating the extent of counsel's
research and investigation on the insanity issue. Further, we cannot speculate regarding
whether counsel's failure to utilize an expert witness or expert report concerning Green's
insanity constituted sound trial strategy or negligence. In light of the record and the
presumption that counsel's performance was reasonably professional, we cannot conclude
that he provided ineffective assistance of counsel. See Gottson v. State, 940
S.W.2d 181, 185-86 (Tex. App.--San Antonio 1996, pet. ref'd). 

Conclusion 

We are limited to the record before us on direct appeal. See Thompson,
9 S.W.3d at 814-15 (contrasting direct appeals with habeas proceedings in cases involving
ineffective assistance). Given the record before us, we determine that Green has not met
his burden to prove that trial counsel's representation fell below an objective standard
of reasonableness and that this deficient performance prejudiced his defense. Appellant is
free to pursue his ineffectiveness claim on collateral review where the facts surrounding
trial counsel's representation may be developed at an 

evidentiary hearing. See Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim.
App. 1986). We thus affirm the trial court's ruling. 





__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 28th day of April, 2000.