

NUMBER 13-08-00040-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES HOLT,                                                      Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

**On appeal from the 105th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant, James Holt, was indicted for state jail felony possession of cocaine. *See*
TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003). On February 10, 2006,
Holt was placed on deferred-adjudication community supervision for a three-year period.
On December 18, 2007, the trial court revoked Holt's community supervision, adjudicated
him guilty, sentenced him to two years in a state jail facility, and assessed a $3,000 fine.
By seven issues, Holt contends the following: (1) his due process rights were violated; (2)

the trial court abused its discretion when it revoked his probation for a violation not imposed by the court; (3) and the evidence was insufficient to establish three alleged violations.  We affirm.

## I.  Applicable Law and Standard of Review

In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the motion to revoke.  *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex. Crim. App. 1993) (en banc); *Davila v. State*, 173 S.W.3d 195, 197 (Tex. App.–Corpus Christi 2005, no pet.).  A single violation of a condition of probation is sufficient to support the trial court's decision to revoke probation.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.).  Accordingly, once the appellate court has found one such violation, it need not address complaints regarding other possible grounds for revocation.  *See Moore*, 605 S.W.2d at 926.

The trial court's decision to revoke is reviewed for an abuse of discretion, such that the record must simply contain some evidence to support the decision made by the trial court.  *Davila*, 173 S.W.3d at 197; *Martinez v. State*, 6 S.W.3d 674, 680-81 (Tex. App.–Corpus Christi 1999, no pet.) (providing that appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion).  In reviewing the legal sufficiency of the evidence to support the revocation,[1] appellate courts review the evidence in the light most favorable to the judgment, giving deference to the trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given

---

[1]Holt has no right to a factual sufficiency review of a trial court's decision to revoke community supervision. *Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.–Corpus Christi 2005, no pet.).

2

to the evidence presented. *Davila*, 173 S.W.3d at 197; *Martinez*, 6 S.W.3d at 680 (setting out that the trial court is the sole judge of the credibility of the witnesses and determines whether the allegations in the motion to revoke are true or not).

## II. Due Process Challenge

By his first issue, Holt contends the trial court failed to provide a statement, written or oral, as to the evidence relied on or the reasons for revoking probation; thus, he was denied due process. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006). We disagree.

At the December 18, 2007 revocation hearing, the trial court stated that it found that Holt "violated the conditions of community supervision as alleged in the motion to revoke." When Holt's attorney asked for findings of fact concerning the allegations in the motion to revoke found by the court to be true, the trial court responded, "All of them." Once the trial court made this general finding concerning the grounds for revocation, Holt must have requested further or more specific findings at the time of hearing and did not do so. *See Rodriquez v. State*, 552 S.W.2d 451, 456 (Tex. Crim. App. 1977); *see also Martinez v. State*, 488 S.W.2d 132, 133 (Tex. Crim. App. 1972) (explaining that the revocation order set forth the condition violated and appellant did not request further findings).

Moreover, in the December 31, 2007 written judgment adjudicating guilt, the trial court found that "[w]hile on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's Original Motion to Adjudicate Guilt as follows: See Attached Copy of the Motion to Revoke." The attached copy of the motion to revoke included a violation report listing all of the alleged violations with which Holt was charged, setting out specifically the condition violated and the manner in which Holt violated it. *See Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.–Houston [14th Dist.]

3

1999, no pet.) (concluding that the trial court's handwritten notes on an order were sufficient when the notes indicated the grounds on which the trial court found appellant had violated the terms of his probation).

We conclude the trial court complied with the requirement for findings, and Holt was not denied due process. We overrule Holt's first issue.

### III.  Conditions Not Expressed in the Record

By his second issue, Holt asserts that the trial court abused its discretion by revoking his probation for violation of conditions that do not appear in the record. Specifically, Holt contends that the provisions requiring him to pay $100 in assessed fees for the months of September and October 2007, after his release from the Residential Intensive Treatment Alternative to Incarceration Program Experience (RITE), and to attend the aftercare program and Alcoholics Anonymous (AA) meetings after his release were not imposed as conditions of his probation because they were not expressed clearly and explicitly in the record.[2] *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (en banc).

The modified conditions of community supervision were not filed with this Court as part of the original clerk's record. However, we received a supplemental clerk's record that included a document titled "Conditions of Community Supervision," last modified on March 28, 2007, and signed on April 18, 2007, by the trial court, Holt, his community supervision officer, and the district clerk. In that document, the complained-of conditions were set out. Therefore, this argument is without merit. We overrule the second issue.

---

[2]To the extent Holt is asserting vagueness, we address that argument in his third issue.

## IV. Vagueness Challenge

By his third issue, Holt complains that the probation condition requiring him to participate in the RITE Aftercare Program was so vague that his rights to due process and due course of law were violated. Specifically, Holt complains that the condition requiring him to participate in the RITE Aftercare Program "beginning upon release" failed to inform him of what he was to be released from and, thus, did not clearly inform him when his obligations under this condition were to begin.

However, complaints regarding conditions of probation that are unreasonable or that violate constitutional rights or statutory provisions must be timely objected to in order to be raised on appeal. *See Speth v. State*, 6 S.W.3d 530, 534 n.10 (Tex. Crim. App. 1999) (en banc). If a defendant has an opportunity to object, he must object to vague or otherwise improper conditions of probation at the time the conditions are imposed, or, at least, he must object at the revocation hearing where he is alleged to have violated the condition in question. *See id.*; *cf. Kesaria v. State*, 189 S.W.3d 279, 280-82 (Tex. Crim. App. 2006) (concluding that Kesaria had no meaningful opportunity to object to the specific conditions of his probation and had not waived or failed to preserve his complaint for appellate review); *Rickels*, 108 S.W.3d at 901-02 (relieving the defendant of the obligation to object when he was denied that opportunity, as when the trial court modified the terms of probation without a hearing).

In this case, the trial court imposed sanctions and modified the terms of Holt's probation on April 12, 2007.[3] The order set out that a hearing was held on March 28,

---

[3]For this second imposition of sanctions, the trial court extended the period of Holt's probation by two years to expire on February 10, 2011, and placed Holt in the RITE program in the same manner and under the same conditions as if he had originally been placed in that program.

2007, at which time Holt could have voiced any objection he had to the modification in question. Rather than object to the modified terms, Holt signed the modified conditions of community supervision form on April 18, 2007, verifying that he fully understood all of the terms and conditions of his community supervision. Thus, Holt had a meaningful opportunity to object and did not do so. *See Kesaria*, 189 S.W.3d at 281 (discussing *Rickels*, 108 S.W.3d at 902). In addition, at the revocation hearing on December 18, 2007, Holt did not object to the vagueness of the complained-of condition or assert that he did not understand when his aftercare obligations began. *See id*. Accordingly, we conclude Holt did not preserve error.

Moreover, even had Holt preserved error, we are not persuaded by his vagueness challenge. The condition in question, (13-1)(d) requiring participation in the RITE Aftercare Program, is immediately after condition (13-1)(c) which required Holt to participate in the RITE Program "for a period of not less than 90 days nor more than 120 days," and to "remain until released by the Court in writing." It is clear from the context of the conditions that the RITE Aftercare Program was to begin upon Holt's release from the RITE Program itself. We overrule Holt's third issue.

## V. Single Violation Sufficient to Support Revocation

Holt does not challenge the sufficiency of the evidence to establish that he violated the following condition of community supervision:

(13-1)(d) Participate in the R.I.T.E. AFTERCARE Program for ONE (1) year beginning upon release, which includes:

ONE AFTERCARE Relapse Prevention Group per WEEK or as directed and THREE (3) Alcoholics Anonymous meetings per week or as directed by your Community Supervision Officer and [to] maintain Sponsor contact;

6

And, based on our review of the record, we conclude that there is some evidence to support the trial court's determination that Holt violated this condition of his probation. *See Davila*, 173 S.W.3d at 197.

Sandra Garza, Holt's community supervision officer, testified that after Holt was discharged from the RITE program on July 26, he missed nine group meetings including meetings on August 7, 14, 21, 28, September 11, October 9, 23, 30, and November 6. According to Garza, Holt was required to attend AA meetings three times a week and failed to provide verification of attendance at those meetings for the weeks of October 29 and November 5. This evidence supports a finding that Holt violated this condition of his community supervision. Because a single violation of a probation condition is sufficient to support a trial court's decision to revoke community supervision, we conclude that the trial court did not abuse its discretion when it revoked Holt's community supervision. *See id.*; *Martinez*, 6 S.W.3d at 680-81. Having found one such violation, we need not address Holt's remaining issues four through seven that complain of other possible grounds for revocation. *See Moore*, 605 S.W.2d at 926; *Herrera*, 951 S.W.2d at 199; *see also* TEX. R. APP. P. 47.1.

## VI.  Conclusion

We affirm the judgment of the trial court.

 

 

_____  NELDA V. RODRIGUEZ
_____  Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and

filed this 25th day of September, 2008.