NORMA JEAN HARRIS V. STATE

No. 31,318. February 17, 1960

MORRISON, Presiding Judge, dissented.

*M. Gabriel Nahas, Jr.*, Houston 2, for appellant.

*Dan Walton*, District Attorney, *Howell E. Stone, Samuel H. Robertson, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant pleaded guilty to having passed a forged instrument in writing and was assessed a term of five years. Sentence was pronounced on November 30, 1956, but the execution thereof was suspended and probation granted, conditioned that she was not to violate the laws of this or any other state.

During the term of her probation she was indicted for a similar felony, alleged to have been committed on or about December 27, 1957, and on May 7, 1959, a jury found her guilty and assessed her punishment at two years.

On the same day the jury returned its verdict, and before the verdict became the basis of a final judgment of conviction, motion was filed seeking to have the probation revoked. The motion alleged, as ground for revocation, that she committed the offense of passing a forged instrument on or about December 27, 1957, and that she was convicted of said offense on May 7, 1959.

Appellant answered, asserting her innocence of the charge in said indictment and other indictments; denying that she had violated the law, alleging that she had fully complied with the terms of her probation, and pointing out that the judgment upon the jury verdict was not final.

At the time of the hearing no final judgment had been rendered on the verdict. The appeal in said case is now pending in this court, no mandate having issued.

The trial judge declined to hear evidence offered by appellant at the hearing in an effort to prove her innocence of the offense which the jury found she committed, and revoked the probation, not upon a finding that she had violated the law during the term of her probation but exclusively upon the verdict having been returned.

The trial judge was clearly in error in revoking the probation: "primarily and exclusively on the fact that the defendant was found guilty in this court of the offense of passing a forged instrument in writing on May the 7th, 1959, and there was a verdict of the jury assessing her punishment at two years, which was a violation of her probation."

We recently had occasion to point out that the arrest and filing of a complaint against a probationer would not alone authorize revocation of probation similarly conditioned. Flores v. State, No. 31,100. Page 2 of this volume 331 S.W. 2d 217.

For like reason, the return of a verdict which has not become the basis of a final conviction is not conclusive proof that the probationer violated the terms of probation conditioned that he not violate the law.

A different question would be presented had the trial judge heard the evidence and found that appellant committed the offense of passing a forged instrument during the term of her probation, or had the conviction for such offense been final.

The judgment revoking the probation granted appellant on November 30, 1956, is reversed and the cause remanded.

MORRISON, Presiding Judge (dissenting).

The same judge who revoked appellant's probation had less than a month prior to so doing presided over appellant's trial wherein she was convicted for passing as true a forged instrument, which conviction was by this court affirmed earlier in this term. He had heard not only the state's evidence but that offered by appellant and should not be required to re-hear the case again before being authorized to revoke probation.

I respectfully dissent.