**Edward Charles MASON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41949.**

Court of Criminal Appeals of Texas.

March 12, 1969.

McMahon, Smart, Sprain, Wilson & Camp by Bob J. Surovik and Richard E. Tulk, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on July 24, 1968, appellant entered a plea of guilty to an indictment charging felony theft. Punishment was assessed by the court at 3 years, the imposition of the sentence was suspended and the appellant was placed on probation subject to certain terms and conditions. Among such conditions was the requirement that during the term of probation the appellant shall "commit no offense against the laws of this State or any other State or the United States."

On August 9, 1968, the State filed a motion to revoke probation alleging appellant had violated the conditions of his probation as he had "committed an offense against the laws of this State in that he was convicted on Case Number 06975,

Theft under $5.00, in Corporation Court, City of Abilene, Texas, on August 9, 1968."

On August 28, 1968, a hearing was conducted on said motion wherein appellant was represented by court appointed counsel. The State did not offer any evidence as to the commission of the offense but relied solely upon the testimony of the Honorable Donald H. Lane, Judge of the Corporation Court of the City of Abilene. Neither the complaint nor judgment of said court was introduced.

Judge Lane testified that appellant was convicted on August 9, 1968, of the offense of theft under $5.00, in a case the cause number of which he could not recall, after evidence had been heard; that the punishment assessed was a $100.00 fine and the judgment had become final.

Appellant did not testify or offer any evidence in his behalf at the revocation hearing.

Following the hearing an order revoking probation was entered and sentence pronounced.[1] Notice of appeal was then given.

At the outset appellant claims that the Corporation Court conviction was improperly utilized since at the time he was deprived of his constitutional right to counsel. Appellant contends he was not advised of his right to counsel and was tried without the assistance of counsel.

We need not, however, pass upon such question since the record before us fails to show that appellant has violated his conditions of probation by *committing* an offense during his probationary term.

While the record reflects that appellant was taken into custody on August 8, 1968, for the violation of which he was convicted in Corporation Court the following day,

1. The sentence entered reflects that the appellant is to be confined in the Texas Department of Corrections from 1 to 3 years. This was an improper application of the indeterminate sentence law

there is absolutely no evidence that such violation was committed after probation was granted. Therefore, in revoking appellant's probation the trial court abused its discretion. See Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422.

This case graphically demonstrates the inadvisability of relying exclusively upon a conviction, even if final, to support a revocation of probation conditioned upon the non-violation of penal laws. Cf. Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941.

For the reasons stated, the order revoking probation is reversed and remanded.

(Article 42.09, Vernon's Ann.C.C.P.) since the minimum punishment for felony theft is 2 years. Article 1421, Vernon's Ann.P.C.