·James Floyd **JANSSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44130.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

---

[1]. The said judgment assessed a fine of $50.00 and "—— days in the County Jail."

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court on July 19, 1968, and was adjudged guilty of the offense of possession of marihuana, with punishment assessed at five years. Imposition of the sentence was suspended and the appellant was placed on probation.

On February 27, 1970, the court heard the State's motion to revoke probation, and found that the appellant had violated the condition of his probation that he would "commit no offense against the laws of this or any other state * * *" The court then entered an order revoking probation and sentenced the appellant.

The record in this case is in a state of confusion. The pleadings in the motion to revoke probation are wholly insufficient and we find *no* evidence to support the order revoking probation.

The only allegation in the State's motion to revoke probation is "That Defendant has violated the following conditions *(a)* of said probation in that Commit no offense against the laws of this or any other State or the United States; (Subject has been arrested with narcotics in his possession)."

The only proof offered by the State at the revocation hearing in support of the motion was the testimony of appel-

lant's probation officer.[1] The probation officer testified that it had come to his attention that appellant had been convicted for the offense of possession of dangerous drugs in Cause No. 69–3678–B, in County Criminal Court at Law No. 2 of Dallas County, on February 7, 1970. That conviction for possession of dangerous drugs has been set aside by the convicting court.[2]

Where revocation of probation is based upon a violation of the condition not to violate the law, this court has held that the allegations of the violation need not be as precise as that of an indictment. Campbell v. State, Tex.Cr.App., 456 S.W.2d 918. However, the allegations must give fair notice and should allege a violation of the law.

In this case the motion to revoke does not allege facts which would necessarily constitute a violation of the law. It does not allege facts to show and it does not even allege as a conclusion that the possession of narcotics was *unlawful.* Some narcotics may be lawfully possessed if acquired by prescription or other lawful means. The allegations of the motion are fatally defective.

Even if the pleading was sufficient, the proof does not conform to the allegation that appellant possessed narcotics.

The testimony of the probation officer offered here is that the appellant was convicted of possession of *dangerous drugs.*

An even more serious problem is that the State relied upon a conviction alone,[3] without proving any facts to show criminal acts. The conviction relied upon was not a final conviction. It has now been set aside. This court has held that proof of a conviction, if it is not a final conviction, will not support an order revoking probation. Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941. In Harris v. State, supra, this court said:

"The trial judge was clearly in error in revoking the probation: 'primarily and exclusively on the fact that the defendant was found guilty in this court of the offense of passing a forged instrument in writing on May the 7th, 1959, and there was a verdict of the jury assessing her punishment at two years, which was a violation of her probation.'

"We recently had occasion to point out that the arrest and filing of a complaint against a probationer would not alone authorize revocation of probation similarly conditioned. Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 217.

"For like reason, the return of a verdict which has not become the basis of a final conviction is not conclusive proof

1. There was some attempt to enter into stipulations. It is clear, however, that there was not a proper stipulation entered into by the appellant personally, the appellant's counsel and counsel for the State, which can be considered by this court.

2. We are informed by the State and appellant's counsel jointly, by brief and in oral argument, that the misdemeanor conviction for possession of dangerous drugs mentioned in the probation officer's testimony, has been set aside. The transcription of the testimony adduced in the dangerous drugs case has been merely inserted into this record. It cannot be considered by us. It was not introduced nor considered by the trial court in the revocation hearing. The order of revocation was entered February 27, 1970. The

transcription of the testimony in the dangerous drugs case was approved by the county court on April 7, 1970, and the file mark on the copy in this record bears the date of April 9, 1970.

3. When the basis for revocation of probation is in violation of the condition not to commit an offense against the law, the revocation action may be entirely independent of charges for the violation of the law. Revocation of probation may be had by pleading and proving the facts showing a violation of the law. The facts alleged and proved as a basis for the revocation may or may not result in a criminal charge and a conviction. This case illustrates the danger in relying upon a conviction only as a basis for revocation. See Hall v. State, Tex.Cr.App., 452 S.W.2d 490.

that the probationer violated the terms of probation conditioned that he not violate the law.

"A different question would be presented had the trial judge heard the evidence and found that appellant committed the offense of passing a forged instrument during the term of her probation, or had the conviction for such offense been final." [4]

For the reasons already stated, the entry of the order revoking probation constituted an abuse of discretion and it must be reversed. It is so ordered.

Opinion approved by the court.

---

4. Caution must be exercised in the use of a final conviction. See Mason v. State, Tex.Cr.App., 438 S.W.2d 556.