**James Earl CANNON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45362.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Joe B. Garza, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court on March 19, 1971, to the offense of burglary. The punishment was assessed

at three years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that appellant "(a) commit no offense against the laws of this or any other State or the United States."

On July 28, 1971, the State filed a motion to revoke probation alleging that appellant had violated his probation, "violation of condition (a) To wit: The offense of burglary in Dallas County on April 8, 1971."

Appellant contends that the court was in error in that it based a probation revocation upon an improper stipulation of evidence.

At the beginning of the hearing on the motion to revoke probation, counsel for the State orally made the following statement into the record:

"We have an agreement to stipulate filed in this case, testimony of the clerk, Phyllis Sawyer. She would testify that she is the Deputy District Clerk assigned to Criminal District Court Number Two of Dallas County, Texas. She has care, custody, control of all the records pertaining to said court and these are official records of Dallas County, Texas, kept on a day to day basis by her."

Counsel for the State then had marked for identification and offered into evidence, pursuant to the stipulation, State's Exhibits numbers one through six, being an indictment, a judgment, an order placing appellant on probation, a probation officer's motion to revoke, a warrant, and a show cause notice, all being papers in this cause.

We need not consider whether there was a proper stipulation. The judge could take judicial notice of the exhibits offered into evidence and no proof thereof was required. Horman v. State, Tex.Cr. App., 423 S.W.2d 317.

Appellant contends the court was in error in basing a probation revocation on a conviction which is not final.

Appellant urges that it is not shown that the conviction upon which the revocation is based had become final and absent such showing, the conviction will not support an order revoking probation under Jansson v. State, Tex.Cr.App., 473 S.W.2d 40. In Jansson, the conviction relied upon by the State to revoke probation was not final and was set aside. This Court said, "This court has held that proof of a conviction, if it is not a final conviction, will not support an order revoking probation."

In the instant case, there is no showing, as in Jansson, that the conviction had been set aside. Probation Officer Fountain testified that the conviction and the offense occurred while appellant was on probation. The appellant testified in his own behalf, and on cross-examination admitted that he had violated his probation.

In Mitchell v. State (No. 45,228, 4–26–72), it was said, ". . . this court has never held it was absolutely mandatory that the court hear evidence where at such hearing the defendant states to the court that the allegations of the motion to revoke are 'true', . . . or that he is 'guilty' . . . particularly where he is represented by counsel, has been served with a copy of the motion and indicates to the court he understands the allegations."

The only issue before this Court is whether the trial court abused its discretion in revoking probation. Barnes v. State, 467 S.W.2d 437; Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

Finding that the trial court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (concurring).

I concur in the results reached, but I would expressly point out that Article 1.15, Vernon's Ann.C.C.P., has no application to stipulations entered in revocation of probation hearings. This was true before and after the 1971 amendment to such statute. (Acts 1971, 62nd Leg., ch. 996, sec. 1, p. 3028, eff. June 15, 1971).

At the hearing on the motion to revoke probation conducted on August 19, 1971, the appellant waived, in writing, the appearance, confrontation and cross examination of all witnesses against him, and, then, orally stipulated to the testimony of the court clerk as to the indictment, judgment, order of probation, motion to revoke, warrant and a show cause notice. Such stipulation was proper.

Further, while it is good practice to introduce such instruments, the trial court could also have taken judicial notice of the records of the court. Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968).

I would once again caution trial judges against relying solely upon evidence of a conviction to reflect a violation of a probationary condition prohibiting the commission of a penal offense. There are many problems inherent therein. See Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960); Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969), and Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971).

In *Jansson,* this court pointed out that proof of a conviction not shown to be final will not support an order revoking probation for committing a penal offense. This is true whether the conviction is set aside or not.

In the instant case, the probation officer, who was not shown to be custodian of the court's records or to have any personal knowledge of the alleged crime made the basis of the conviction, or of the conviction itself, testified that the appellant had been convicted in the 194th District Court in Cause No. C–71–3026–KM on July 23, 1971, for burglary and sentenced to 3 years. He testified the offense occurred during the period of probation. There was no other evidence as to the commission of a penal offense or any showing that the conviction was final.

Any error in relying upon such evidence alone was cured when the appellant took the witness stand and acknowledged he violated his probation and that he had been convicted of burglary in Judge Vance's court.

This judicial confession is sufficient, standing alone, to justify the revocation.

I concur.