Thomas Wesley **NELSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45622.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Jim Martin, Dallas, for appellant.

Henry Wade, Dist. Atty. and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On December 1, 1970, the appellant was convicted, upon his plea of guilty before the court, for the offense of indecent exposure and punishment was assessed at five years. Imposition of sentence was suspended and probation was granted.

One of the terms and conditions of probation was that the appellant *commit* no offense against the laws of this state or any other state or of the United States.

On May 28, 1971, a motion to revoke probation was filed. Such motion states:

"That Defendant has violated the following conditions (a) of said probation in that

(a) Commit no offense against the laws of this or any other State or the United States; (Subject convicted Corporation Court on Mar. 17, 1971 for accosting a female. Fined $25.00)"

On May 28, 1971 (the same date the motion was filed), a hearing was held and the court entered an order revoking the probation. Sentence was pronounced.

Lois Bacon, an employee with the City of Dallas in the City Attorney's office, testified that on March 17, 1971 she was "a prosecutor in Corporation Court Number 2" and that the appellant appeared on the charge of accosting a female. She was asked if a plea was entered before the judge, whereupon she replied: "To the best of my knowledge Judge Chapman did not come on the Bench and Mr. Nelson (the appellant) plead a no contest to me." The State then offered an exhibit into evidence which purported to be a judgment and sentence of the offense testified to by witness Bacon. There was an objection to such exhibit and the same was never admitted.[1]

The only other witness that testified was Dean Chafin, appellant's Probation Officer, who stated:

"* * * On testimony given in evidence this morning on information from the City of Dallas, Dallas, Texas, it is the recommendation of the Probation Officer that probation in the above cause be revoked and time to start May the 1st, 1971."

If it can be argued that the appellant was legally *convicted* of an offense, there is no proof that the alleged conviction was a final conviction or that the same was a result of an offense *committed* during the probationary period.[2] Therefore, the evidence will not support an order revoking probation under condition (a) as set out in the motion. E. g., Cannon v. State, Tex. Cr.App., 479 S.W.2d 317; Jansson v. State,

1. The transcript contains the exhibit, however the same was not admitted into evidence and therefore cannot be considered.

2. Although the Probation Officer was asked, "And this offense occurred while he was under the terms of probation?" to which he answered, "It did," it is

apparent that he based his answer on what he had heard that morning in court. Such evidence is not sufficient to show that appellant committed the offense during the term of probation. Cf. Concurring opinion in Cannon v. State, Tex. Cr.App., 479 S.W.2d 317, at page 319.

Tex.Cr.App., 473 S.W.2d 40; Mason v. State, Tex.Cr.App., 438 S.W.2d 556.

For the reasons stated, the order revoking probation constituted an abuse of discretion and the judgment is reversed.

