William Randall VANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45742.

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Ted H. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from an order revoking probation.

On October 18, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to the offense of felony theft. Punishment was assessed at

2 years confinement. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions among which was the requirement that he "(a) [c]ommit no offense against the laws of this or any other State or the United States."

On March 6, 1970, the State filed a motion to revoke probation alleging that the appellant had

"violated the following conditions (a) of said probation in that Commit no offense against the laws of this or any other State or the United States; (Subject has charges pending for Grand Prairie, Balch Springs, and Dallas Police Departments.)"

"Where revocation of probation is based upon a violation of the condition not to violate the law, this court has held that the allegations of the violation need not be as precise as that of an indictment. Campbell v. State, Tex.Cr.App., 456 S.W.2d 918. However, the allegations must give fair notice and should allege a violation of the law." Jansson v. State, 473 S.W.2d 40, 42 (Tex.Cr.App. 1971).

See also Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972).

In the instant case, the revocation motion does not allege facts which would necessarily constitute a violation of the law. The fact of an arrest, standing alone, or the mere fact that a formal complaint has been filed is not sufficient to show a penal offense has been committed. Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App.1971). The motion was clearly defective.[1] Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968).

---

[1]. If the pleader has no more interest and pride in his pleadings and work than to plead in this manner, then the trial judge should have enough concern about the requirements of the law to insist that in his court no such motions will be entertained until amended, despite the absence of a motion to quash. Toleration of sloppiness breeds laziness. Surely Texas justice in the latter years of the 20th century deserves something better than the "anything goes" approach so characteristics of far too many of our revocation of probation hearings. See Jansson v. State, supra; Nelson v. State, 484 S.W.2d 774 (Tex.Cr.App.1972).

However, no motion to quash was filed and the question of the sufficiency of the revocation motion is questioned on appeal for the first time. This court's concern is involved but the matter in question cannot be urged for the first time on appeal. Guinn v. State, 163 Tex.Cr.R. 181, 289 S. W.2d 583 (1956); Kinard v. State, 477 S. W.2d 896 (Tex.Cr.App.1972). See also Balli v. State, 460 S.W.2d 424 (Tex.Cr. App.1970) (concurring opinion). *Cf.* Campbell v. State, 456 S.W.2d 918 (Tex. Cr.App.1970).

On March 6, 1970, the hearing on the motion to revoke was held.

■ Jerry Ray Scott, Patrolman for the City of Balch Springs, testified that in the early morning hours of February 7, 1970, he observed the appellant driving a motor vehicle 55 m. p. h. in a 35 m. p. h. zone in that municipality and pursued him. A high speed chase covering 35 to 40 miles ensued through that city, the City of Dallas, and the City of Grand Prairie, with approximately 20 police vehicles becoming involved. Appellant was clocked at speeds ranging from 90 to 105 m. p. h. and was observed running numerous stop signs, red lights, and committing other traffic violations. The chase ended in Grand Prairie when appellant's vehicle was curbed by a squad car. Appellant then scuffled with and kicked at a number of police officers while resisting arrest. Appellant was accompanied by his wife and a search of their vehicle revealed 8 unopened bottles of champagne.

A. L. Moore of the Dallas Police Department and T. G. Andrews of the Grand Prairie Police Department generally corroborated the testimony of Officer Scott. Moore issued 25 traffic citations for running red lights and 2 for speeding. Andrews issued 5 traffic violation citations, and Scott issued 3 and, also, filed on the appellant for illegally transporting liquor in a dry area (Balch Springs).

Testifying in his own behalf, appellant related that he was taking his wife to a hospital to have some metal clips removed from her stomach and that, when the chase began, he continued to flee because he knew the champagne was in the car and that he was on probation. He acknowledged that he ran 2 stop signs and that he did drive at a high rate of speed. He testified the champagne belonged to Ann Hale, his employer's wife, who, by oversight, had left it in his car.

On cross examination, he admitted he had shot his wife with a .25 caliber weapon and that he had been placed under a peace bond upon complaint by his wife as a result of threats made to her. This was shown by other evidence to have occurred during the probationary period.

His wife testified on his behalf as well as Ann Hale, who claimed ownership of the champagne.

At the conclusion of the hearing the court revoked probation. The only finding made was, "Violation of Condition (a), To-wit; Commit no offense against the laws of this or any other State or the United States." [2] No request for specific findings was made. The two-year sentence was imposed on the same date, March 6, 1970.[3]

■ Appellant contends the court abused its discretion in revoking probation "on the basis of allegations purportedly filed but not proved by the State as a matter of law." It appears, from further statements in his brief, to be appellant's contention that the State failed to show

2. As noted in footnote #3 of Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App. 1972), it is the better practice in every case to enter findings and conclusions upon which the trial court acted in revoking probation despite the absence of a request for the same.

3. This appellate record was not received by this court until May 18, 1972, over two years after sentence of two years was imposed.

that the offenses alleged ever resulted in convictions. It is well established that there need not first be a trial and a valid conviction for the offense which serves as the basis for the revocation. Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Armstrong v. State, 472 S.W.2d 150 (Tex. Cr.App.1971); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970), and cases cited therein.

 Appellant also complains that the court abused its discretion because the only violations shown by the evidence were in the nature of traffic violations. We find no merit in such contention. Further, there was evidence that the appellant resisted arrest, violated the liquor law, etc. Because the appellant made no request for findings, we are unable to say that the court revoked probation upon a showing of the commission of traffic offenses alone.

Finding no abuse of discretion, the judgment is affirmed.