**Vacate and Render and Opinion Filed November 12, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01261-CR

**AL DENNIS PATTERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1675323-J**

## OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Molberg

Al Dennis Patterson appeals his conviction for the offense of robbery. In three issues, he argues we should (1) reform or modify the judgment to reflect he did not plead true to the allegations in the State's motion to proceed to adjudication, (2) reverse the judgment because the State relied only on a non-final judgment to support its allegation that he violated a condition of his deferred adjudication community supervision by committing aggravated sexual assault against a child on or about June 1, 2017, and (3) reverse the judgment because the trial judge was biased and conducted herself as an adversarial advocate against him. For the reasons below,

we conclude the trial court abused its discretion in proceeding to adjudicate Patterson's guilt. Accordingly, we vacate the trial court's judgment adjudicating Patterson guilty and sentencing him to confinement and render judgment discharging him from supervision.

## I. BACKGROUND[1]

Patterson was indicted and charged with robbery. TEX. PENAL CODE § 29.02. On April 27, 2017, he waived his right to a jury trial and entered a plea of guilty. The trial court deferred adjudication of Patterson's guilt, placed him on community supervision for four years subject to certain conditions, and imposed a fine in the amount of $1,000.[2]

On October 30, 2020, the State filed its Motion to Revoke Probation or Proceed with an Adjudication of Guilt (the Motion). In the Motion, the State alleged Patterson violated six conditions of community supervision since April 27, 2017, and within the community supervision period.

---

[1] Much of this background is drawn from a prior opinion. *See Patterson v. State*, No. 05-22-01261-CR, 2024 WL 469552, at *1 (Tex. App.—Dallas Feb. 7, 2024, no pet.) (mem. op., not designated for publication). There, we addressed a motion to withdraw and an *Anders* brief in which Patterson's prior counsel argued Patterson's appeal was wholly frivolous and without merit, and that there were no arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967). Because we identified an arguable issue in the record, we struck the *Anders* brief, granted Patterson's prior counsel's motion to withdraw, remanded the case to the trial court, and ordered the trial court to appoint new appellate counsel to represent Patterson. *See Patterson*, 2024 WL 469552, at *3. We stated, "New appellate counsel should investigate the record and file a brief on the merits that addresses the issue of using a non-final conviction to prove a violation of condition A, the error in the judgment, and any other plausible grounds for appeal." *See id*. at *3, n.1. We also noted that the aggravated sexual assault of a child case—numbered F20-76751-J in the trial court and 05-22-01303-CR on appeal—remained pending in this Court as of the date of that prior opinion. *Id*. That case is still pending in this Court as of the date of this opinion.

[2] *See* TEX. CODE CRIM. PROC. art. 42A.101.

–2–

Later, however, the State withdrew five of those six allegations and proceeded on only one, namely, that Patterson violated condition paragraph "a," which required that Patterson "[c]ommit no offense against the laws of this or any other State or the United States, and . . . not possess a firearm during the term of Supervision."

The State's Motion alleged he violated paragraph "a" of his community supervision conditions since April 27, 2017, and within the community supervision period as follows:

> A. The Defendant, Al Dennis Patterson, violated the laws of the State of Texas in that on or about 06/01/[20]17 in Dallas County, Al Dennis Patterson, did unlawfully, knowingly and intentionally commit the offense of AGG SEXUAL ASSAULT CHILD as alleged in cause no. F2076751.

Patterson disputed the State's Motion, and the trial court conducted a contested hearing on November 11, 2022. Pending before the trial court in that hearing were two cases: the instant case, in which the State moved to proceed to adjudicate guilt on the robbery offense, and trial court cause number F17-00229-J, which is not at issue in this appeal.[3]

The State called Mikki Lucas, a felony court probation officer with the Dallas County Adult Probation Department. Lucas testified that she served Patterson's conditions of community service on him and explained the conditions to him; Patterson signed the conditions at that time. Lucas learned that Patterson was

---

[3] The hearing transcript indicates that trial court cause number F17-00229-J involved a motion to revoke probation or proceed to adjudicate guilt on an offense for assault of a family member with a previous conviction.

–3–

arrested on October 22, 2020, for aggravated sexual assault of a child. She knew that that offense was resolved by a jury trial on September 2, 2022, and that Patterson was sentenced in that proceeding to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In response to a question on cross-examination, she stated that she did not know whether the sexual assault offense was on appeal.

The State also called Darrell Doty, an investigator with the Dallas County District Attorney's office and a fingerprint expert. Doty testified he took Patterson's fingerprints the day of the revocation hearing, compared them to the fingerprints on the judgment in the aggravated sexual assault of a child case, and concluded the fingerprints were from the same person.

The trial court admitted four exhibits into evidence: the orders of deferred adjudication in the instant case and in cause number F17-00229-J (State's exhibits 1 and 2, respectively), the sheet reflecting the fingerprints Doty took of Patterson on the day of the revocation hearing (State's exhibit 3), and the judgment of conviction by jury in the aggravated sexual assault of a child case (State's exhibit 4), the case that was appealed and remains pending in this Court as of the date of this opinion.

At the conclusion of Doty's testimony, the State asked the trial court "to take judicial notice of the entire contents of its probation file and the court's file," and the trial court did so, stating, "[The] Court takes judicial notice in each case, as well as the probation file in each case." The State then rested.

–4–

Patterson called no witnesses, but his trial counsel asked the trial court "to take judicial notice of the entire contents of the [c]ourt's file, including the notice of appeal." The trial court did so, stating, "The [c]ourt will take judicial notice of the entire contents of the [c]ourt's file as well as the notice of appeal."

Both sides then gave brief closing arguments, which we reproduce here:

DEFENSE'S CLOSING ARGUMENT

Yes, Judge. The Court having taken judicial notice that the allegation of the aggravated sexual abuse of a child is not being a final conviction being under appeal, we would ask the Court for a finding of not true and discharge him from probation.

STATE'S CLOSING ARGUMENT

Judge, the burden being preponderance of the evidence, defendant was convicted in this court on September 2nd, 2020 [sic] of the allegation that is alleged within the motion to adjudicate in both cases.[4] The State has belief – believes that it has met its burden in this case and ask[s] that the Court find this allegation true.

The trial court proceeded to adjudication in both of the cases before it. In this case, the trial court found the State's allegation of Patterson's violation of Texas law to be true, found Patterson guilty, and assessed his punishment at seven years' confinement in TDCJ. This appeal followed.

## II. ALLEGED JUDICIAL BIAS

We begin with Patterson's third issue, in which he argues we should reverse the judgment because the trial judge was biased and "conducted herself as an

---

[4] The phrase "both cases" would appear to refer to the two cases that were the subject of the contested revocation hearing: the instant case and trial court cause no. F17-00229-J, which is not at issue.

–5–

adversarial advocate against him." His only complaint regarding the trial judge's conduct is based on the trial court's comments about a "PC affidavit," a phrase that both sides, and we, construe as referring to a probable cause affidavit. We quote the trial court's comments below, after we discuss applicable legal standards.

Patterson did not raise this issue below, but for purposes of this appeal, we assume, without deciding, that he may challenge the trial court's comments for the first time on appeal by demonstrating fundamental error, as he argues in his appellate brief.[5] *See Mangiafico v. State*, Nos. 05-21-00601-CR, 05-21-00602-CR, 2023 WL 4861783, at \*13 (Tex. App.—Dallas July 31, 2023, pet. ref'd) (mem. op., not designated for publication) (making same assumption).[6]

When an appellant claims judicial bias, we review the record to see if it shows the judge's bias denied the appellant due process of law. *Wilson v. State*, No. 05-12-00831-CR, 2013 WL 4399193, at \*6 (Tex. App.—Dallas Aug. 15, 2013, no pet.) (mem. op., not designated for publication); *Armstrong v. State*, No. 05-10-01245-

---

[5] Patterson cites *Proenza v. State*, 541 S.W.3d 786, 798 (Tex. Crim. App. 2017), which states:

> If a category of error by its very utterance tends to threaten the integrity of the criminal adjudicatory process itself, we may, consistent with *Marin* [*v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)], deem it proper for appellate courts to at least consider the merits of these claims—even in the absence of a trial-level objection—and take corrective measures as appropriate.

[6] *See also Marin*, 851 S.W.2d at 279 ("[O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. In the present context, the most important thing to remember about the Texas law of procedural default is that it only applies to the last category."); *Arnold v. State*, No. 05-07-00120-CR, 2008 WL 3307079, at \*5–6 (Tex. App.—Dallas July 31, 2008, no pet.) (not designated for publication) (stating, in case involving alleged judicial bias in a sentencing hearing, "The lack of an impartial trial judge is one of the types of errors that have been identified as structural" and "was not waived by counsel's failure to object at trial.").

CR, 2011 WL 6188608, at *5 (Tex. App.—Dallas Dec. 14, 2011, no pet.) (not designated for publication).

A defendant has a due process right to a fair trial in a fair tribunal. *In re Murchison*, 349 U.S. 133, 136 (1955); *see also* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Due process requires that a criminal trial be held before a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A "neutral and detached" judge is not synonymous with a silent observer. *See Marshall v. State*, 297 S.W.2d 135, 136–37 (Tex. Crim. App. 1956). A defendant is entitled to a fair trial before a judge with no actual bias against him or interest in the outcome of his particular case. *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997).

The fundamental fairness principles contained in the Fourteenth Amendment to the United States Constitution and the due process principles contained in the Texas Constitution each apply to community supervision revocation hearings. *See Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015) ("The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law.").[7] Despite a judge's wide discretion in determining the appropriate

---

[7] *See Hughes v. State*, 691 S.W.3d 504, 514 (Tex. Crim. App. 2024) ("[A]s far as the right to due process of law is concerned, there is no difference between the revocation of community supervision (probation) imposed after conviction and sentence, and the revocation of community supervision imposed after a decision to defer adjudication.").

punishment in a community supervision revocation hearing, due process requires the right to a hearing before a neutral and detached body. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).

Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit*, 206 S.W.3d at 645. Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id*. Rather, judicial remarks may suggest improper bias if they reveal an opinion deriving from an extrajudicial source. *Id*. But when no extrajudicial source is alleged, such remarks will constitute grounds for reversal only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible. *Id*. Even then, to constitute bias clearly on the record, the deep-seated antagonism must be apparent from the judicial remarks themselves, without "interpretation or expansion" by an appellate court. *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011).[8]

---

[8] Normal expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. at 556. "Bias" does not encompass all unfavorable rulings toward an individual in his or her case but instead connotes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd) (stating this for the terms "bias" and "prejudice") (citing *Liteky*, 510 U.S. at 550).

Here, Patterson complains only of one set of comments by the trial court, which were made after both sides rested and before their closing arguments. These comments consisted of the following exchange:

> THE COURT: I would like to see a copy of the PC affidavit on both cases.[9] I tried to pull them up on – I guess it's considered OnBase, but I cannot locate them. I also tried AIS, and I could not locate them.
>
> [PROSECUTOR]: I'll print them for you, Judge.
>
> THE COURT: Thank you, ma'am. While the State is doing that, I'm going to retrieve a document from the other room.

The trial court then took a short break off the record, and when the hearing resumed, counsel provided closing arguments, and the trial court issued its ruling. Neither the trial court nor the parties made any additional reference to a probable cause affidavit. The record does not contain any probable cause affidavit and does not reflect the trial court received, reviewed, or relied on any probable cause affidavit in making its ruling in this case.

Based on the record before us, we conclude the trial court's comments do not reveal an opinion deriving from an extrajudicial source or reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible, *see Brumit*, 206 S.W.3d at 645, and did not deprive Patterson of due process of law. *See Wilson*, 2013 WL 4399193, at *6; *Armstrong*, 2011 WL 6188608, at *5.

---

[9] We presume the trial court's reference to "both cases" referred to the two cases that were the subject of the contested revocation hearing—the instant case, and trial court cause no. F17-00229-J, which is not at issue in this appeal.

–9–

We overrule Patterson's third issue.

### III. ALLEGED ERROR REGARDING STATE'S PROOF

In his second issue, Patterson argues, in essence, we should reverse the judgment because the State relied only on a non-final judgment to prove its allegation that he violated his deferred adjudication community supervision conditions by committing aggravated sexual assault against a child on or about June 1, 2017.[10]

We review the trial court's determination to proceed with an adjudication of guilt on Patterson's original charge of robbery in the same manner as a hearing on a motion to revoke probation in a case in which the adjudication of guilt was not deferred.[11]

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). We review the evidence in the light most favorable to the trial court's decision in determining whether the trial court abused its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174

---

[10] Specifically, Patterson's second issue states, "The trial court's judgment must be reversed because the State proceeded only on the claim that Appellant had committed a new offense, but the State's sole evidentiary proof of that claimed violation conclusively showed the non-final nature of the alleged conviction upon which the State had placed its complete reliance."

[11] *See* TEX. CODE CRIM. PROC. art. 42A.108(b) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred."); *Guerrero v. State*, 554 S.W.3d 268, 272 (Tex. App. 2018) (citing Article 42A.108(b) and stating, "Albeit limited in scope, appellant had the right to appeal the revocation of his community supervision.").

(Tex. Crim. App. [Panel Op.] 1981). The trial court is the sole judge of the witnesses' credibility and the weight to give the evidence. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

On a motion to revoke, the State has the burden to prove a defendant violated a condition of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. A preponderance of the evidence is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Id.* at 764; *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.) (op. on remand). Proof of a single violation of a community supervision condition is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Olabode v. State*, 575 S.W.3d 878, 880 (Tex. App.—Dallas 2019, pet. ref'd). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Dansby*, 468 S.W.3d at 231 (first citing *Cardona*, 665 S.W.2d at 493–94; and then citing *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.)); *Davis v. State*, 591 S.W.3d 183, 189 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

We apply the above standards in this case even though this case involves an order to proceed with an adjudication of guilt rather than an order revoking probation

in a case in which the adjudication of guilt was not deferred.[12] *See Bell v. State*, 649 S.W.3d 867, 897–98 (Tex. App.—Houston 2022, pet. ref'd) (applying these standards in a case in which the trial court deferred adjudication of the defendant's guilt, placed him on community supervision, and proceeded to adjudicate guilt after the State moved to adjudicate guilt for alleged violations of the conditions of the defendant's community supervision). We will conclude that the trial court did not abuse its discretion if the record shows proof by a preponderance of the evidence of the alleged violation of a condition of community supervision. *Id.* (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

In urging us to reverse the judgment adjudicating guilt in this case, Patterson cites, among other cases, *Jansson v. State*, 473 S.W.2d 40 (Tex. Crim. App. 1971), and *Harris v. State*, 331 S.W.2d 941 (Tex. Crim. App. 1960). *Jansson* states, "[P]roof of a conviction, if it is not a final conviction, will not support an order revoking probation." *Jansson*, 473 S.W.2d at 42 (citing *Harris*, 331 S.W.2d at 942). But as the court suggested in *Harris*, *see* 331 S.W.2d at 942, an order revoking probation may be supported by an allegation and proof that a probationer committed a new offense or received a final conviction for a new offense. *Harris* states:

> The trial judge declined to hear evidence offered by appellant at the
> hearing in an effort to prove her innocence of the offense which the jury

---

[12] *See* TEX. CODE CRIM. PROC. art. 42A.108(b) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred."); *Guerrero v. State*, 554 S.W.3d 268, 272 (Tex. App. 2018) (citing Article 42A.108(b) and stating, "Albeit limited in scope, appellant had the right to appeal the revocation of his community supervision.").

found she committed, and revoked the probation not upon a finding that she had violated the law during the term of her probation, but exclusively upon the verdict having been returned.

The trial judge was clearly in error in revoking the probation: 'primarily and exclusively on the fact that the defendant was found guilty in this court of the offense . . . and there was a verdict of the jury assessing her punishment . . . which was a violation of her probation.'

. . . .

. . . [T]he return of a verdict which has not become the basis of a final conviction is not conclusive proof that the probationer violated the terms of probation conditioned that he not violate the law.

A different question would be presented had the trial judge heard the evidence and found that appellant committed the [alleged new] offense . . . during the term of her probation, or had the conviction for such offense been final.

*Harris*, 331 S.W.2d at 942.

In urging us to affirm the judgment, the State cites, among other cases, *Barrientez v. State*, 500 S.W.2d 474 (Tex. Crim. App. 1973), and *Bradley v. State*, 564 S.W.2d 727 (Tex. Crim. App. 1978). In *Barrientez*, the court again indicated a verdict of guilt in a case on appeal cannot support revocation, but the court affirmed the order revoking probation because of the proof the State offered, explaining:

[Barrientez] contends that the verdict of guilty in the murder case is on appeal and therefore, cannot support the revocation. We agree. However, such is not the case before us. The State here did not rely upon the previous conviction as the basis for its application to revoke the probation. Both the motion to revoke probation and the order to revoke were worded to the effect that appellant [c]ommitted the offense of murder. Thus, the State sought to allege and prove the commission, not the conviction, of the murder offense.

*Barrientez*, 500 S.W.2d at 475.

–13–

*Bradley* discusses *Barrientez*, describing it as "authority for a court," at a "hearing to revoke probation," to "take judicial notice of the evidence heard in a prior criminal trial of the probationer," and stating, "This rule is allowed in light of special considerations surrounding the revocation proceedings." *Bradley*, 564 S.W.2d at 729.[13]

While there are some similarities between this case, *Barrientez*, and *Bradley*,[14] neither *Barrientez* nor *Bradley* are on all fours with this case, and based on the differences discussed below, we find them distinguishable and reach a different result. The key distinction between this case, *Barrientez*, and *Bradley* is the State's proof in each case, with the proof in *Barrientez* and *Bradley* consisting of reoffered testimony and evidence from other trials involving those appellants and, in this case, consisting of the non-final conviction testimony and the proof detailed above.

---

[13] *Bradley* then states:

> The hearing on a motion to revoke probation is not a trial in a constitutional sense . . . and such a hearing being administrative in nature, procedural and evidentiary requirements are not enforced as strictly as they would be in a criminal trial. . . . The relationship between the probationer and the court is contractual in nature. . . . Although review on an appeal from a revocation of probation is limited to a determination of whether the trial judge abused his discretion . . . probation nevertheless may not be terminated without an affirmative finding of a violation of probation supported by a preponderance of the evidence . . . and the probationer is entitled to certain due process protections in the revocation proceedings.

*Bradley*, 564 S.W.2d at 729–30 (citations omitted).

[14] Similar to *Barrientez* and *Bradley*, the same trial judge that proceeded to adjudication presided over the trial in which the accused was found guilty of the offense relied upon by the State as the basis for its allegations that the accused violated his conditions of community supervision.

In *Barrientez*, after a probation officer testified that one of the conditions of Barrientez's probation was that he "'commit no offense against the laws of this or any State or of the United States,'" the State then reoffered the "evidence" and "testimony" heard by the same trial court in the trial of the other alleged offense—a trial in which Barrientez was tried for and found guilty of murder—and "further offer[ed] as evidence . . . the record as prepared in" that trial and "in its entirety." *Barrientez*, 500 S.W.2d at 475. Faced with that appellate record, the court concluded the trial court did not abuse its discretion in revoking probation, stating:

> Certainly, [the trial judge] could take judicial notice of the evidence introduced in that prior proceeding. Are we to pretend that this judge was not present at the murder trial, and force the State to reproduce the same witnesses? We think not. Such a requirement would place an unreasonable burden upon the State.

*Id*. Importantly, in *Barrientez*, not only *could* the trial court take judicial notice of the evidence introduced in the prior proceeding, *see id.* (emphasis added), the revocation hearing record reflected the trial court *actually did so*.

In *Bradley*, the revocation hearing record also reflected this. After Bradley pleaded untrue to the State's motion to revoke, the following occurred:

> [THE STATE]: Your Honor, at this time the State would ask the Court to take judicial notice and knowledge of testimony heard by the Court in Cause No. F-76-1545-NJ, The State of Texas versus Rickey Lee Bradley, wherein the Defendant was charged with murder, which testimony the Court heard on July 6th, 1976, in this same court, which trial was a jury trial, which trial resulted in a hung jury.

> [BRADLEY'S COUNSEL]: Your Honor, I object to the Court taking judicial notice and ask that the State put on its case in order to prove up the grounds to revoke his probation.

–15–

THE COURT:  On what grounds do you object to my taking notice?

[BRADLEY'S COUNSEL]:  I would think this isn't a matter the Court could take judicial notice of.

THE COURT:  I'm going to overrule your objection.  I recall the trial and I recall the testimony.  I want the record to show this is testimony that was heard in this court by this Judge and I want the record to further show that the Defendant was present at the time that the testimony was given, that he was represented by counsel at the time the testimony was given, and further that his right to confrontation and cross-examination of witnesses were reserved during that trial.  For those reasons, I will take judicial notice of the proceedings in this court. . . ."

*Bradley*, 564 S.W.2d at 728–29.

Unlike *Barrientez* and *Bradley*, in this case, the revocation hearing record lacks any indication that the trial court took judicial notice of any facts, testimony, or evidence from Patterson's trial on his charge of aggravated sexual assault of a child.  While the hearing record indicates the trial court took judicial notice of its own "file" and the "notice of appeal" in that case, neither party asked, and the hearing record does not reflect, that the trial court took judicial notice of the trial record in that case or any portions of the proof admitted in that trial.

Despite this, the State argues that, because the same trial judge presided over both the hearing on the State's Motion and the trial on Patterson's charge of aggravated sexual assault of a child, we may simply presume the trial judge took judicial notice of the entire record from that trial.  The State cites various cases from

our sister courts as support for its argument,[15] but we decline to follow those cases in this context, when none of those cases involve probation revocation hearings or hearings on motions to proceed to adjudication, and when *Bradley*—a revocation case—discusses judicial notice in great detail and refers to the "failure of the record to reflect the fact or facts judicially noticed by the trial court" as a "defect to be avoided or cured." *Bradley*, 564 S.W.2d at 732.

If an appellate court could simply presume in a revocation context that a trial court took judicial notice of the entire trial record involving another alleged offense, *Bradley* could have said so, without the need to painstakingly outline the multiple alternatives that could be followed to avoid or cure the defect and that we discuss in the next paragraph.

In *Bradley*, after determining the defect required that the appeal be abated for supplementation of the record, *id*. at 728,[16] the court described various "alternatives

---

[15] *See In re A.W.B.*, No. 14-11-00926-CV, 2012 WL 1048640, at *3 (Tex. App.—Houston Mar. 27, 2012, no pet.) (mem. op.) (presuming, in termination of parental rights context, the trial judge took judicial notice of its prior order which ordered Mother to complete her service plan); *In re J.J.C.*, 302 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (stating, also in termination of parental rights context, that the appellate court's review of the material on which the trial court based its finding "necessarily includes evidence from the trial" "[b]ecause the hearing transcript establishes that the Department [of Family and Protective Services] relied 'on the totality of the evidence' presented at trial and the trial court likewise considered the trial proceedings in evaluating the frivolousness of the proposed appeals"); *In re A.X.A.*, No. 04-09-00519-CV, 2009 WL 5150068, at *4 n.3 (Tex. App.—San Antonio Dec. 30, 2009, no pet.) (mem.op.) (presuming, again in parental rights context, that the trial court took judicial notice of the record without any request being made and without any announcement it did so).

[16] In describing the specific problem in *Bradley* that led the court to decide abatement of the appeal was necessary, the court stated:

–17–

that should be followed in future cases to avoid the situation" necessitating an

abatement.[17]  None of those were followed here.

Appellant has presented a complete record; the State did not meet its burden to present the material relied on to meet its burden of proof in a manner capable of reflection in the trial record, so that a meaningful review could be had on the appellate record in this Court.

Although this record reflects all that occurred at the hearing on the motion to revoke probation, it does not reflect the content of the matters judicially noticed by the trial court upon the State's motion and necessary to meet the State's burden of proof. While the theory allowing judicial notice of a fact is that the fact "is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof," 1 McCormick and Ray, Texas Law of Evidence, 2nd ed., Sec. 151, this does not dispense with the requirement, for purposes of review, that the facts so noticed be apparent from the record.  Under the *Barrientez* rule for revocation of probation hearings, *the facts judicially noticed here were matters of testimony heard in the prior criminal trial, i.e., that certain witnesses gave certain testimony.  Those facts, i.e., what the testimony was, are not shown in this record and are not known to this Court,* and yet, to dispose of the issue of the sufficiency of the evidence raised in this case, such facts judicially noticed must be made known to this Court. The statement in the record that judicial notice was being taken of unstated facts is not a sufficient presentation of the matter relied on by the State to meet its burden of proof such as to be meaningful to this Court and to allow disposition of the issue raised in this appeal.

*Bradley*, 564 S.W.2d at 730–31 (emphasis added).

[17] *See Bradley*, 564 S.W.2d at 732–33 (emphasis added), where the court stated:

*The defect may be avoided in the first instance* by precisely reciting such facts for the record or placing them in the record. For judicial notice of such facts as here considered, this may be done by placing the transcribed court reporter's notes, appropriately identified, into the record, as was done in *O'Hern* [*v. State*, 527 S.W.2d 568 (Tex. Crim. App. 1975)] or, if the matter is not excessively long, by reading the testimony judicially noticed into the record, as was done in *Stephenson v. State*, [500 S.W.2d 855 (Tex. Crim. App. 1973)].

*At least three methods are available to cure, for review process purposes, the failure of the record of the probation revocation hearing to reflect the testimony judicially noticed therein,* should some issue resting on that testimony, such as the sufficiency of the evidence, be raised in the probationer's appeal brief. *These depend, however, on a sufficient identification at the revocation hearing of the trial proceedings judicially noticed.* If such trial proceedings are clearly identified, and if the facts so noticed are necessary for disposition of an issue raised on the appeal, one of the following methods may be followed, according to the circumstances.

*If the criminal trial judicially noticed,* resulted in an appeal to this Court, and if the record in that appeal contains transcribed court reporter's notes reflecting the testimony judicially noticed, or otherwise reflects that testimony, it will be sufficient for the State to cite and rely on that record of this Court in its reply brief.  We will judicially notice the record of

*Bradley* then concluded:

> In the instant case the matter was identified at the revocation hearing as the testimony heard by Judge Zimmerman of Criminal District Court No. 3 of Dallas County on July 6, 1976, in Cause No. F-76-1545-NJ, the State of Texas vs. Rickey Lee Bradley. This was sufficient identification and the record ordered on abatement of this appeal should reflect its identity with that trial identification. We abate this appeal with directions that the State have reduced to writing, and then present to the trial court for approval as a supplemental appellate record, the court reporter's notes of the testimony judicially noticed at the revocation hearing.

*Bradley*, 564 S.W.2d at 733.

In this case, however, abatement is unnecessary because the problem is different from *Bradley*. Rather than a lack of clarity in the appellate record about the testimony the trial court considered, as in *Bradley*, here, there is no indication that the trial court took judicial notice of any testimony or other evidence *at all*.

In the adjudication hearing, the trial court took judicial notice of its own files and the probation files in this case and in trial court cause number F17-00229-J, as

---

the same testimony noticed by the trial court. *In order to do so, however, the record of the revocation hearing must clearly reflect the precise matter judicially noticed.*

If there was no appeal of the criminal trial, *or if it was appealed but the record therein does not reflect the testimony judicially noticed, it will be necessary for the State to produce the record of the judicially noticed testimony in its entirety for inclusion in the record of the probation revocation appeal. This must be done while the case is still before the trial court,* as was done with a State's exhibit necessary to sustain the State's burden of proof for enhancement of punishment in *Almand v. State*, [536 S.W.2d 377 (Tex. Crim. App. 1976)], which exhibit was introduced at trial but was omitted from the record as originally approved. . . . *Again, though, the matter so presented for a supplemental record must be sufficiently identified at the revocation hearing as being judicially noticed, in order that the identity of the two will be apparent from the record before this Court.*

Finally, the parties may agree, with the approval of the trial court, to a brief statement of the facts judicially noticed . . . .

–19–

well as its own file and the notice of appeal in trial court cause number F20-76751-J, the case involving the aggravated sexual assault of a child charge against Patterson that remains pending on appeal. But the trial court did not take judicial notice of any particular facts, testimony, or other evidence presented in those cases or in its files, and there is no indication in the record before us that the trial court's "files" it judicially noticed contained testimony or evidence.

The State argues that, even if we do not presume that the trial court took judicial notice of the record in trial court cause number F20-76751-J, it met its burden of proof. As support, the State cites three types of information that is purportedly in the appellate record in the pending appeal of trial court cause number F20-76751-J: trial testimony by the alleged victim from the reporter's record in that appeal, and two notices filed in the trial court's file, namely, a notice of outcry statements and a notice of extraneous offenses. We decline to consider such information because it is not in the record before us.[18] Additionally, as to the alleged victim's testimony, we also decline to consider that information because the trial court did not take judicial notice of such testimony in the revocation hearing.[19]

---

[18] "An appellate court cannot consider an item that is not a part of the record on appeal." *Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021); *see also* TEX. R. APP. 34.1; *Martin v. State*, 492 S.W.2d 471, 472 (Tex. Crim. App. 1973); *Jones v. State*, 478 S.W.2d 937, 938 n.1 (Tex. Crim. App. 1972).

[19] In an apparent attempt to convince us to consider such evidence, the State cites *Bradley*, 564 S.W.2d at 732, and argues, "If the reporter's record from the prior trial is not introduced into the record at the revocation hearing, then for purposes of appellate review and references, the State may cite to the reporter's record of the prior trial in its reply brief." Although the cited page in *Bradley* does refer to the State's ability in its reply brief to cite the reporter's record of the prior trial, *Bradley* indicates that this may be done only when certain conditions are present, the first of which is that a criminal trial has been judicially noticed

–20–

Finally, even if we presume that the notice of outcry statements and the notice of extraneous offenses were both in the trial court's file and thus were items the trial court took judicial notice of, the notices themselves, due to their very nature, would not constitute evidence of Patterson's commission of the alleged offense.[20]

In the record before us, the only evidence that supports the State's allegation that Patterson committed aggravated sexual assault of a child on or about June 1, 2017, was Patterson's non-final conviction in trial court cause number F20-76751-J. The trial court took judicial notice of certain of its own files, but not of any facts, testimony, or other evidence to support the State's allegation.

Because "proof of a conviction, if it is not a final conviction, will not support an order revoking probation," *Jansson*, 473 S.W.2d at 42, based on the record before

---

by the trial court. *Id.* In such cases, *Bradley* indicates the appellate court "will judicially notice the record of the same testimony noticed by the trial court" and "[i]n order to do so, the record of the revocation hearing must clearly reflect the precise matter judicially noticed." This was the approach taken in *Cleland v. State*, 572 S.W.2d 673, 675 (Tex. Crim. App. 1978) (affirming a modified order of revocation in trial court cause number 126,102—which was "based upon the testimony and evidence [the trial court] heard in connection with" the trial of cause number 217,020—after noting that (1) the testimony judicially noticed in trial court cause no. 126,102 was the trial testimony from trial court cause no. 217,020; (2) trial court cause no. 217,020 had been appealed to the same appellate court; (3) the appellate record in cause no. 217,020 contained a transcription of the court reporter's notes reflecting the testimony which the trial judge judicially noticed in trial court cause no. 126,102; and (4) the transcription in trial court cause no. 217,020 contained evidence sufficient to support a finding that the appellant committed the offense the State claimed in its motion to revoke that he had committed.

*Cleland* and *Bradley* are both distinguishable, however, because unlike in those cases, the trial court in the revocation hearing did not judicially notice the criminal trial or the victim's testimony in the aggravated sexual assault of a child case. Thus, we conclude neither *Bradley* nor *Cleland* requires us to consider the alleged victim's testimony cited in the State's brief, and we decline to consider it here, when there is no indication from the appellate record in this case that the trial court took judicial notice of such testimony.

[20] *See evidence*, BLACK'S LAW DICTIONARY (12th ed. 2024), ("[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact").

us, we conclude the State failed to satisfy its burden of proof in the adjudication hearing and conclude the trial court abused its discretion in granting the State's Motion and adjudicating guilt. *See Dansby*, 468 S.W.3d at 231 ("If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision."); *see also* TEX. CODE CRIM. PROC. art. 42A.108(b) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred.").

We sustain Patterson's second issue and need not address his first.[21]

## IV. CONCLUSION

We vacate the trial court's judgment of conviction adjudicating Patterson guilty and sentencing him to confinement and render judgment discharging him from supervision.[22]

221261f.p05
Publish
TEX. R. APP. P. 47.2(b)

/Ken Molberg/
KEN MOLBERG
JUSTICE

---

[21] *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[22] We render judgment discharging Patterson from community supervision rather than remanding because his period of supervision has already expired.

–22–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AL DENNIS PATTERSON,
Appellant

No. 05-22-01261-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F-1675323-J.
Opinion delivered by Justice Molberg. Justices Breedlove and Kennedy participating.

Based on the Court's opinion of this date, we **VACATE** the trial court's judgment adjudicating appellant Al Dennis Patterson's guilt, revoking his community supervision, and sentencing him to confinement and **RENDER** judgment discharging Patterson from supervision.

Judgment entered this 12th day of November, 2024.